IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL MARSHALL, | No. 2:09-CV-2148-JAM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ROBERT NILRAM, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's amended complaint (Doc. 8).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court

must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

Here, plaintiff claims that defendants conspired with one another to cause officials in Shasta County, California, to remove her child from her custody pursuant to provisions of the California Family Code, which plaintiff also claims are unconstitutional in that they permitted officials to further the alleged conspiracy. Plaintiff also claims she was convicted of various crimes in Pennsylvania and that those convictions were the result of wrongful prosecution related to the alleged conspiracy.

Under the Rooker-Feldman abstention doctrine, federal courts lack jurisdiction to hear matters already decided in state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine applies in cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). An exception, inapplicable here, would be where Congress expressly grants federal courts jurisdiction to review state court judgments (such as habeas corpus, for example).

To the extent plaintiff's claims arise from the adverse criminal convictions entered against her in Pennsylvania, this court should abstain from entertaining the instant action. Similarly, to the extent plaintiff's claims arise from custody proceedings held in Shasta County, the court should abstain. In both instances, plaintiff's remedies would lie in the appropriate state court appellate system. It is not for this court, sitting as a trial court of limited jurisdiction, to entertain actions which in essence seek to undo state court judgments. This action should be dismissed.

Based on the foregoing, the undersigned recommends that this action be dismissed and that all pending motions (Doc. 10) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 27, 2012

　　　　　　　　　　　　　　　　　　/s/ Craig M. Kellison　　　　　　　　
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE